BENJAMIN MAGEE *v.* MELVILLE PHELPS ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—615.]

**Grounds for Vacating a Judgment.**

It is not a sufficient ground to vacate a judgment and for a new trial for a defendant seeking such relief to show that he was deprived from defending because he was forced to flee from the county to avoid arrest on the charge of illicit distilling. Such a ground for a new trial is not recognized by the law.

**Participant in Fraud Can Not Plead the Fraud in Defense.**

. Where one participates in another's fraud, the law will not afford him relief on that ground; equity in such a case leaves the parties where it finds them.

APPEAL FROM LAUREL CIRCUIT COURT.

January 6, 1883.

Opinion by Judge Hargis:

This was an action by the appellant to vacate a judgment in favor of appellees. It appears that appellee, Marion Phelps, brought suit on two promissory notes for $884.35 in the aggregate, and process was regularly executed on the appellant, Magee, who was the only defendant to the action. The appellant answered and took depositions in support of his defense, which went to the whole action.

Pending the suit Magee alleges, in the present action, that he fled the county to avoid arrest on the charge of illicit distilling, and that he was therefore prevented from defending the action as he otherwise could have done; and moreover he avers that he executed one of the notes sued on to aid appellee in avoiding the payment of his debts.

It is not necessary to analyze the evidence in support of appellant's claims against Marion Phelps, as it was his duty not to run off from the county, although the United States marshal was attempting to prosecute him unjustly. Such a ground for a new trial can not be recognized by the law. The allegation by appellant that he executed one of the notes for Phelps' share of the brandy to prevent his creditors from getting it shows that the appellant participated in Phelps' fraud, and the law will afford him no relief on that ground. He made no such defense in the action in which the judgment was rendered against him, and it is too late now to make such defense, even if it had been available in the original action.

He holds the affirmative now, and the burden is on him to make out his action for relief, which a court of equity will not afford where the grounds of relief alleged and proven is a fraud in which the complainant participated. Equity, in such cases, leaves the parties where it finds them. Hence the court did not err in refusing to vacate the judgment and grant appellant a new trial.

The suit in ejectment by appellees, based upon the sheriff's deed made in pursuance of a levy and sale of the appellant's land for the satisfaction of the judgment, can not be considered, as the court expressly refused to decide it but directed its preparation for the succeeding term.

Wherefore the judgment is *affirmed*.

G. Pearl, for appellant.

C. B. Faris, for appellees.